UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION


UNITED STATES OF AMERICA,    )    CASE NO:  7:19-CR-00501-1
                       )
          Plaintiff,    )       CRIMINAL
                       )
    vs.               )      McAllen, Texas
                       )
LEONEL JULIAN LOPEZ, JR.,    )    Friday, March 22, 2019
                       )    (3:10 p.m. to 3:23 p.m.)
            Defendant.   )    (3:41 p.m. to 4:02 p.m.)
                           (4:05 p.m. to 4:05 p.m.)


REARRAIGNMENT

BEFORE THE HONORABLE RICARDO H. HINOJOSA,
UNITED STATES DISTRICT JUDGE


(SEALED BENCH CONFERENCE OMITTED)


**Appearances:**          See next page


Court Interpreter:    None present

Court Recorder [ECRO]:  Antonio Tijerina

Transcribed By:       Exceptional Reporting Services, Inc.
                       P.O. Box 18668
                       Corpus Christi, Texas 78480-8668
                       361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

<u>**APPEARANCES FOR:**</u>


Plaintiff:                        BOBBY LOPEZ, ESQ.
                                  Assistant United States Attorney
                                  1701 W. Business Hwy. 83
                                  Suite 600
                                  McAllen, TX 78501


Defendant:                        FABIAN GUERRERO, ESQ.
                                  511 W. University Drive
                                  Edinburg, TX 78539


U.S. Probation:                   Samantha Solis
                                  1701 W. Business Hwy. 83
                                  Suite 729
                                  McAllen, Texas 78501

1      **McAllen, Texas; Friday, March 22, 2019; 3:10 p.m.**

2                      **(Call to Order)**

3          **THE COURT:**  Please be seated.

4          We're on — this has been a filing that has been given

5   a case number, M19-501, *United States of America versus Leonel*

6   *Julian Lopez, Jr.*  Is the Government present and ready?

7          **MR. LOPEZ:**  The Government is present, your Honor.

8   And, your Honor, my apologies.  I just realized I forgot to

9   print the —

10         **THE COURT:**  Do what?

11         **MR. LOPEZ:**  I just realized I forgot to print out the

12  Information, your Honor.  My apologies.

13         **THE COURT:**  We have a copy of it.

14         **MR. LOPEZ:**  Okay.

15         **THE COURT:**  Do you need another one?

16         **MR. LOPEZ:**  I just need a copy, your Honor, to read

17  it before the plea, your Honor.

18         **THE COURT:**  Okay.

19         **MR. GUERRERO:**  Good morning, Judge, Fabian Guerrero

20  for Mr. Lopez.

21         **THE COURT:**  Alex, he needs a copy of this.

22         **THE CLERK:**  Yes, Judge, I'll print it out.

23         **THE COURT:**  It's my understanding this is a request

24  — are the Defendants present and ready?

25         **MR. GUERRERO:**  Yes, we're present and ready, yes,

1    Judge.

2         **THE COURT:**  It's my understanding that the Defendant

3    would like to waive his right to an indictment and proceed on

4    this — on a felony charge with regards to a Criminal

5    Information.

6         **MR. GUERRERO:**  That's correct, your Honor.

7         **THE COURT:**  Okay.  Well, I will quiz him shortly

8    about all this.

9       **(Pause)**

10        **THE COURT:**  Do you have a copy now?

11        **MR. LOPEZ:**  Yes, your Honor.

12        **THE COURT:**  Okay.  I do have the right to ask under

13   The Crime Victims' Rights Act if there's any individual victim

14   of — the victim has a right to receive notice of any public

15   court proceeding involving the crime but I don't believe

16   there's individual victims in this particular case.

17        **MR. LOPEZ:**  There's not any individual victims.

18        **THE COURT:**  It's Government entities?

19        **MR. LOPEZ:**  That's correct, your Honor.

20        **THE COURT:**  Okay.  Go ahead and swear him in, please.

21        **THE CLERK:**  Raise your right hand.

22      **(Defendant sworn)**

23        **THE COURT:**  Sir, do you understand that having been

24   sworn, all your answers to my questions have to be the truth

25   and if they are not, you're subjecting yourself to the

1  penalties of perjury and/or of making a false statement?  Do

2  you understand that, sir?

3          **THE DEFENDANT:**  Yes, sir.

4          **THE COURT:**  What is your full, true and correct name,

5  sir?

6          **THE DEFENDANT:**  Leonel Julian Lopez, Jr.

7          **THE COURT:**  And, Mr. Lopez, how old are you, sir?

8          **THE DEFENDANT:**  I'm 52 years old, sir.

9          **THE COURT:**  And how far did you go to school?

10          **THE DEFENDANT:**  I have — I graduated from high school

11  and I have some college hours and — but I —

12          **THE COURT:**  And are you employed some place right

13  now, sir?

14          **THE DEFENDANT:**  Yes, sir.

15          **THE COURT:**  And that employment is what, sir?

16          **THE DEFENDANT:**  I work for the State of — well, I did

17  work for the State of Texas until the 15th, I believe.  I'm a

18  municipal court judge in the city of Rio Grande.  Also, I just

19  got employed with the County since I was going to resign from

20  the other — from the municipal court judge position.

21          **THE COURT:**  And did you have another job also or

22  those were all your jobs?

23          **THE DEFENDANT:**  I own a consulting firm and so I get

24  paid from that.

25          **THE COURT:**  Your Pretrial Services Report says you

6

1   had also been employed part-time by State Representative

2   (indisc.).

3          **THE DEFENDANT:**  That's who I stopped working for on

4   the 15th according to the report.

5          **THE COURT:**  Okay.  And you obviously read and write

6   English; is that right, and speak and understand English?

7          **THE DEFENDANT:**  Yes, sir.

8          **THE COURT:**  Have you ever been treated by a doctor or

9   admitted to a hospital for a mental disease or mental disorder

10  of any kind?

11         **THE DEFENDANT:**  No, sir.

12         **THE COURT:**  Have you during the last 24 hours taken

13  any kind of drugs, medicine or pills or drunk any alcoholic

14  beverages?

15         **THE DEFENDANT:**  Medicine, yes, sir.

16         **THE COURT:**  Any kind of medicine or taken any pills

17  or —

18         **THE DEFENDANT:**  Just medicine for —

19         **THE COURT:**  — drunk any alcoholic beverages?  Have

20  you taken some medication in the last 24 hours, sir?

21         **THE DEFENDANT:**  I took my medicine this morning for

22  my high blood pressure, yes.

23         **THE COURT:**  Okay.  And which one do you take, sir?

24         **THE DEFENDANT:**  Uh —

25         **THE COURT:**  Losartan?  It's not Losartan?

```
 1                THE DEFENDANT:  My wife has it in a little —

 2                THE COURT:  Well, whatever — but you do know it's for

 3      high blood pressure?

 4                THE DEFENDANT:  High blood pressure, yes, sir.

 5                THE COURT:  It has been prescribed by a doctor?

 6                THE DEFENDANT:  Yes, sir.

 7                THE COURT:  Anything else other than that?

 8                THE DEFENDANT:  I take Genuwit (phonetic) for my

 9      sugar levels, Genuwit 50, 1,000 — 50 —

10                THE COURT:  That's also prescribed?

11                THE DEFENDANT:  Yes, sir.

12                THE COURT:  Anything else?

13                THE DEFENDANT:  No, sir.

14                THE COURT:  Okay.  And those have been prescribed by

15      a doctor and you have not been informed that that in any way

16      affects your ability to comprehend matters or to understand

17      matters or to be able to be voluntary with regards to any

18      decisions you make; is that correct?

19                THE DEFENDANT:  Yes, sir.

20                THE COURT:  And you do have an attorney, sir; is that

21      correct?

22                THE DEFENDANT:  Yes, sir.

23                THE COURT:  And do you want to announce for the

24      record that you're here, sir?

25                MR. GUERRERO:  Fabian Guerrero here, on the record,
```

1   Judge.

2            **THE COURT:**  And, Mr. Guerrero, he is your client?

3            **MR. GUERRERO:**  Yes, he is, Judge.

4            **THE COURT:**  Do you have any doubt as to his

5   competence to understand these proceedings and to enter a

6   knowing plea — to enter a knowing waiver here and then a

7   knowing plea to a Criminal Information?  Do you have any doubt

8   as to his competence to do that?

9            **MR. GUERRERO:**  No doubts whatsoever, Judge.

10           **THE COURT:**  Have you been furnished with a copy of

11  the Criminal Information that the U.S. Attorney is attempting

12  to file against you through a Criminal Information rather than

13  an indictment of a Grand Jury?  Have you seen a copy of that,

14  sir?

15           **THE DEFENDANT:**  Yes, sir.  This is what —

16           **THE COURT:**  And you do realize that the Criminal

17  Information that the — felony charge that the U.S. Attorney is

18  attempting to file against you through an Information rather

19  than an indictment is as follows:

20           That from on a — at least on or about April 2008 to

21  on or about December 2015 in the Southern District of Texas and

22  within the jurisdiction of this Court, you willfully, knowingly

23  and corruptly gave — offered and agreed to give something of

24  value, that is, money, to a public official intending the

25  public official to be influenced and rewarded in connection

1    with a business transaction and series of transactions of the

2    city of Weslaco, Texas valued at $5,000 or more, that is,

3    contracts for the construction and rehabilitation of water

4    treatment facilities in the city of Weslaco, Texas and during

5    that same one-year period, the city of Weslaco received

6    benefits in excess of $10,000 under Federal programs involving

7    a grant contact — grant — does that mean "contract" other than

8    "contact"?

9            MR. SPEAKER:  Contract.

10           MR. LOPEZ:  Your Honor, that should be "contract."

11           THE COURT:  Okay.  Do you want to put an "R" there

12   and initial that?

13           MR. LOPEZ:  Yes, your Honor.  Your Honor, and I

14   apologize.  The only other amendment that we were seeking to

15   make — and I have talked to Defense counsel about it, it should

16   reflect December 2016, not December 2015.

17           MR. GUERRERO:  Yes, Judge, we have spoken about it.

18           THE COURT:  Okay.  So that's been changed to December

19   2016; is that correct?

20           MR. LOPEZ:  That's correct, your Honor.

21           THE COURT:  Okay.  And as I said, that during that

22   same one-year period, the city of Weslaco received — Weslaco,

23   Texas received benefits in excess of $10,000 under Federal

24   programs involving a grant, contract, subsidy, loan, guarantee,

25   insurance and/or other form of Federal assistance and all this

1    is in violation of Title 18, United States Code, Section

2    666(a)(2).  Do you understand that that's what they — the

3    felony charge that they're attempting to file through this

4    Criminal Information rather than through an indictment of a

5    Grand Jury?

6            **THE DEFENDANT:**  Yes, sir.

7            **THE COURT:**  They're also filing a Notice of

8    Forfeiture indicating that upon conviction of the offense in

9    violation of Title 18, U.S. Code, Section 666 as set forth in

10   Count One of this Information, you will forfeit to the United

11   States of America pursuant to Title 18, U.S. Code, Sections

12   981(a)(1)(C) and Title 28, United States Code, Section 2461(c),

13   any property, real or personal, which constitutes or is derived

14   from proceeds traceable to the offense and that the property

15   subject to forfeiture includes but is not limited to the

16   following property, approximately $2,514,414 in U.S. currency

17   and that you were notified that a money judgment may be imposed

18   equal to the total value of the property subject to forfeiture

19   and that if any of the property described above is a result of

20   any act or omission of the Defendant — of you cannot be located

21   upon the exercise and due diligence, has been transferred or

22   sold to or deposited with a third party has been placed beyond

23   the jurisdiction of the Court, has been substantially

24   diminished in value or has been comingled with other property

25   which cannot be divided without difficulty of the United States

1  of America shall be entitled to forfeiture of substitute

2  property pursuant to Title 21, U.S. Code, Sections 853(p) and

3  has been created by Title 28, U.S. Code, Section 2461(c) and

4  that all this is pursuant to Title 18, U.S. Code, Section

5  981(a)(1)(C) and 28, U.S. Code, Section 2461(c).  That notice

6  of forfeiture is also part of the Criminal Information that I

7  have been told that you would like to waive your right to an

8  indictment of a Grand Jury.  Do you understand that, sir?

9        **THE DEFENDANT:**  Yes, sir.

10        **THE COURT:**  And have you been furnished a copy of

11  this Criminal Information?

12        **THE DEFENDANT:**  The one that we just —

13        **THE COURT:**  Yes, you have seen it?

14        **THE DEFENDANT:**  Yes, sir.  Yes, sir.

15        **THE COURT:**  And you have been furnished a copy; is

16  that correct?

17        **THE DEFENDANT:**  Yes, sir.

18        **THE COURT:**  And you do understand the charges that

19  are being brought against you?  You told me that; is that

20  correct?

21        **THE DEFENDANT:**  Yes, sir.

22        **THE COURT:**  And you do understand that in the United

23  States, with regards to a felony charge such as this, you have

24  a constitutional right to be charged by an indictment of a

25  Grand Jury but you can give up that right and consent to being

1  charged by a Criminal Information of the U.S. Attorney?  Do you

2  understand that?

3           THE DEFENDANT:  Yes, sir.

4           THE COURT:  And you understand, as I have indicated

5  already, that instead of an indictment, this felony charge is

6  attempted to be brought against you by this Criminal

7  Information of the U.S. Attorney?  You understand that?

8           THE DEFENDANT:  Yes, sir.

9           THE COURT:  And you do understand that unless you

10  waive your right to an indictment, you cannot be charged with

11  this felony unless a Grand Jury finds by return of an

12  indictment that there is probable cause to believe that this

13  crime was committed and that you were the one who committed it?

14  Do you understand that?

15           THE DEFENDANT:  Yes, sir.

16           THE COURT:  Do you understand that if you do not

17  waive up your right to an indictment on this particular charge,

18  the Government can present this case to the Grand Jury and

19  request that it indict you?  Do you understand that?

20           THE DEFENDANT:  Yes, sir.

21           THE COURT:  Do you understand that a Grand Jury is

22  composed of at least 16 and not more than 23 people and at

23  least 12 of those Grand Jurors would have to find that there is

24  probable cause to believe that you committed the crime with

25  which you were being charged with before you could be indicted?

1    Do you understand that?

2            **THE DEFENDANT:**  Yes, sir.

3            **THE COURT:**  And do you understand that the Grand Jury

4    might decide to indict you or they might decide not to indict

5    you?  Do you understand that?

6            **THE DEFENDANT:**  Yes, sir.

7            **THE COURT:**  Do you also understand that if you waive

8    up your right to an indictment by a Grand Jury, this case is

9    going to proceed against you on this Criminal Information of

10   the U.S. Attorney just as if you had been indicted?  Do you

11   understand that?

12           **THE DEFENDANT:**  Yes, sir.

13           **THE COURT:**  Mr. Lopez, have you discussed giving up

14   your — waiving up your right to an indictment by the Grand Jury

15   with your attorney?

16           **THE DEFENDANT:**  Yes, sir.

17           **THE COURT:**  Do you — and I'll ask you again.  Do you

18   understand everything I've explained to you about your right to

19   indictment by a Grand Jury?

20           **THE DEFENDANT:**  Yes, sir.

21           **THE COURT:**  Has anybody made any threat or promise to

22   you that is making you want to give up your right to an

23   indictment by a Grand Jury?

24           **THE DEFENDANT:**  No, sir.

25           **THE COURT:**  Do you wish to give up your right to an

14

1    indictment of a Grand Jury on this?

2         **THE DEFENDANT:**  I'm sorry?

3         **THE COURT:**  Do you wish to give up your right to an

4    indictment —

5         **THE DEFENDANT:**  Yes, sir.

6         **THE COURT:**  — of a Grand Jury and proceed with a

7    Criminal Information charge against you?

8         **THE DEFENDANT:**  Yes, sir.

9         **THE COURT:**  Mr. Guerrero, do you — have you had this

10   discussion with your client?

11        **MR. GUERRERO:**  Several times, Judge, yes.

12        **THE COURT:**  And you are — and believe and agree with

13   him that he is competent to understand these proceedings and to

14   answer a knowing waiver as well as a plea in this case?

15        **MR. GUERRERO:**  Yes, I am.  Yes, Judge.

16        **THE COURT:**  And do you see any reason why he should

17   not give up his right to an indictment of a Grand Jury?

18        **MR. GUERRERO:**  I see no reason he should.

19        **THE COURT:**  Okay.  There is a form that has to be

20   signed by you if you wish to give up your right to an

21   indictment by a Grand Jury.  It has been prepared and you

22   should have that with you.  Go ahead and read it, Mr. Lopez,

23   and then go ahead and sign it if you still want to give up your

24   right to an indictment by a Grand Jury.

25             Do you have the waiver form?

1           **MR. LOPEZ:**  No, your Honor.  The last time I was in

2   here, I believe it had been prepared, your Honor.

3           **THE COURT:**  I don't know that we're the ones that

4   prepare it.

5           **MR. LOPEZ:**  Your Honor, if not, I can go down and

6   grab one and — I know the last time I was here, it had been but

7   I can go down and grab one.

8           **THE COURT:**  Yeah.  We normally don't do that

9   ourselves.  Yeah.

10           **MR. LOPEZ:**  Give me a second, your Honor.

11       **(A recess was taken from 3:23 p.m. to 3:41 p.m.)**

12           **MR. LOPEZ:**  Yes, your Honor.  It's all ready.

13           **THE COURT:**  Okay.  Let's go back on the record.

14           **MR. LOPEZ:**  Yes, your Honor.

15           **THE COURT:**  We do have a form that's been filled out.

16   It's a Waiver of Indictment that affects this case — this

17   charge here.

18           Mr. Lopez —

19           **THE DEFENDANT:**  I'm sorry?  I thought you were —

20           **THE COURT:**  Mr. —

21           **MR. LOPEZ:**  Yes, your Honor.

22           **THE COURT:**  — Mr. Prosecutor —

23           **MR. LOPEZ:**  Your Honor, and I can provide the Court

24   with a copy as well.

25           **THE COURT:**  Yes, I need to have a copy of that.

16

1          You're sure you still want to give up your right to

2   an indictment?

3          **THE DEFENDANT:**  Yes, sir.

4          **THE COURT:**  If you do, you need to go ahead and sign

5   it.

6      **(Pause)**

7          **THE COURT:**  Is that your signature, Mr. Lopez?

8          **THE DEFENDANT:**  Yes, sir.

9          **THE COURT:**  I guess I'm the only one that you-all are

10  — that people are going to be able to read the signature of.

11         Mr. Guerrero, yours is about the same.

12         **MR. GUERRERO:**  Sorry, Judge.  That's the way I sign.

13         **THE COURT:**  Mr. Lopez, you didn't go to the

14  Immaculate Conception School in Rio Grande?

15         **THE DEFENDANT:**  No, sir.  I went to another Catholic

16  school in Bryan-College Station.

17         **THE COURT:**  I think the nuns in Rio Grande would have

18  made sure you learned how to sign your name but other than

19  that.

20         And you saw no reason why he shouldn't sign the

21  waiver; is that right, Mr. Guerrero?

22         **MR. GUERRERO:**  I saw no reason why he shouldn't sign

23  the waiver, Judge.  That's correct.

24         **THE COURT:**  The Court has accepted it and has gone

25  ahead and signed it and it's the Court's decision that he has

1    — that he was competent to understand these proceedings and he

2    was competent to enter a knowing waiver of indictment and that

3    he has so waived his right to indictment and proceeded to —

4    agree that he would proceed with regards to the sealed — to the

5    Criminal Information and that he wanted to change his plea.

6          Go ahead and — and that he wants to plead guilty to

7    that.  Go ahead and proceed to arraign him on the indictment.

8          **MR. LOPEZ:**  Thank you, your Honor.

9          United States District Court, Southern District of

10   Texas, McAllen Division, *United States of America versus Leonel*

11   *Julian Lopez, Jr., Defendant*, Criminal Number M19-501.  This is

12   a Criminal Information.  The United States Attorney charges

13   that in Count One a violation of Title 18, United States Code,

14   Section 666(a)(2), Federal program bribery from at least in or

15   about April 2008 to on or about December 2016 in the Southern

16   District of Texas and elsewhere within the jurisdiction of the

17   Court, Defendant Leonel Julian Lopez, Jr. willfully, knowingly

18   and corruptly gave, offered and agreed to give something of

19   value, that is, money to a public official intending the public

20   official to be influenced and rewarded in connection with a

21   business transaction and series of transactions of the city of

22   Weslaco, Texas valued at $5,000 or more, that is, contracts for

23   the construction and rehabilitation of water treatment

24   facilities in the city of Weslaco, Texas and during that same

25   one-year period, the city of Weslaco, Texas received benefits

1   in excess of $10,000 under Federal programs involving a grant,

2   contract, subsidy, loan, guarantee, insurance and other form of

3   Federal assistance all in violation of Title 18, United States

4   Code, Section 666(a)(2).

5          Mr. Lopez, to this sole count in the Information, how

6   do you plead, guilty or not guilty?

7          **THE DEFENDANT:**  Guilty.

8          **THE COURT:**  And, Mr. Lopez, you have had an

9   opportunity to discuss this with your lawyer, the charges in

10  the Criminal Information.  Is that what you had told me before

11  and that you did want to give up your right to an indictment

12  and wanted to proceed pleading guilty with regards to this

13  Criminal Information?  Is that right?

14         **THE DEFENDANT:**  Yes, sir.

15         **THE COURT:**  And you do understand that under the

16  Constitution and laws of the United States, you have a right to

17  plead not guilty and you — and if you plead not guilty, then

18  you have a right to a jury or a judge on the charges contained

19  in the Criminal Information against you?  Do you understand

20  that?

21         **THE DEFENDANT:**  Yes, sir.

22         **THE COURT:**  Do you also understand that at a trial,

23  you would have the right to the assistance of a lawyer whether

24  you could afford one or not and if you could not afford one,

25  the Court would appoint one to represent you at all stages of

19

1  the proceedings against you at no cost to you?  Do you

2  understand that?

3          **THE DEFENDANT:**  Yes, sir.

4          **THE COURT:**  Do you also understand that at a trial,

5  you would be presumed to be innocent and the Government would

6  have to overcome that presumption and prove you guilty by

7  competent evidence and beyond a reasonable doubt and it would

8  not be up to you to prove your innocence?  Do you understand

9  that?

10          **THE DEFENDANT:**  Yes, sir.

11          **THE COURT:**  Do you also understand that in the course

12  of a trial, the witnesses for the Government would have to come

13  into the courtroom and testify in your presence and in the

14  presence of your attorney and your attorney could cross examine

15  the witnesses for the Government, object to any evidence

16  offered and presented by the Government and present any

17  evidence on your behalf that you might want to present?  Do you

18  understand that?

19          **THE DEFENDANT:**  Yes, sir.

20          **THE COURT:**  Do you also understand that at a trial,

21  you would have the right to take the witness stand if you chose

22  to do so but if you chose not to do so, you would have your

23  very important right under the Fifth Amendment to the United

24  States Constitution not to testify and not to incriminate

25  yourself and no one could hold it against you if you did not

1   testify?  Do you understand that?

2              **THE DEFENDANT:**  Yes, sir.

3              **THE COURT:**  Do you also understand that if you

4   continue to plead guilty to this Criminal Information and if I

5   accept that guilty plea that you're giving up and you're

6   waiving up your right to a trial and these other rights which I

7   have just mentioned and discussed with you, including any

8   rights which you may have with regards to having a jury

9   determine any sentencing factor in your case and in your case,

10  there would not be a trial and I would simply enter a judgment

11  of guilty and sentence you on the basis of your guilty plea?

12  Do you understand that?

13             **THE DEFENDANT:**  Yes, sir.

14             **THE COURT:**  Do you also understand that if you

15  continue to plead guilty, you give up your right not to testify

16  against yourself and not to incriminate yourself because in

17  order for me to be satisfied that you are guilty of this

18  particular charge, I will have to ask you some questions and

19  you will not be able to refuse to answer those questions?  Do

20  you understand that?

21             **THE DEFENDANT:**  Yes, sir.

22             **THE COURT:**  Are you willing to waive up and give up

23  your right to a trial and these other rights which I have just

24  mentioned and discussed with you and that's what happens when

25  you plead guilty?  So are you willing to do that?

1          **THE DEFENDANT:**  Yes, sir.

2          **THE COURT:**  You've told me already that you've

3    discussed with your attorney the charges contained in this

4    Criminal Information against you.  Do you understand that?

5          **THE DEFENDANT:**  Yes, sir.

6          **THE COURT:**  Do you understand what you're being

7    charged with?

8          **THE DEFENDANT:**  Yes, sir.

9          **THE COURT:**  Do you understand that if you told me

10   right now that you wanted to plead not guilty to this Criminal

11   Information that in order to find you guilty, the Government

12   would have to prove at a trial by competent evidence and beyond

13   a reasonable doubt that from at least on or about April 2008 to

14   on or about December 2016 within the jurisdiction of this Court

15   in the Southern District of Texas, you had willfully, knowingly

16   and corruptly given, offered and agreed to give something of

17   value, that is, money to a public official intending the public

18   official to be influenced and rewarded in connection with a

19   business transaction and/or series of transactions with the

20   city of Weslaco, Texas valued at $5,000 or more, that is,

21   contracts for construction and rehabilitation of water

22   treatment facilities in the city of Weslaco, Texas and during

23   that same one-year period, the city of Weslaco, Texas received

24   benefits in excess of $10,000 on their Federal programs

25   involving a grant, contracts, subsidy, loan, guarantee,

22

1  insurance and/or other form of Federal assistance all in

2  violation of Title 18, United States Code, Section 666(a)(2).

3         Do you understand that that's what they would have to

4  prove in order to find you guilty of this particular charge?

5         **THE DEFENDANT:**  Yes, sir.

6         **THE COURT:**  Do you know what the maximum possible

7  punishment is that I have to impose in your particular — can

8  impose in your particular case?

9         **THE DEFENDANT:**  Yes, sir.

10        **THE COURT:**  You do know that it can be up to ten

11 years imprisonment and/or a 250,000-dollar fine?

12        **THE DEFENDANT:**  Yes, sir.

13        **THE COURT:**  In addition to that, the Court has to

14 impose a 100-dollar special assessment against you as required

15 by law.  Also, at the time of sentencing, if the Court

16 incarcerates you, the Court can impose a Supervised Release

17 term of up to three years which means that when you would be

18 released from prison, you'd be released under Supervised

19 Release.  If you violate a condition of Supervised Release,

20 that term would be revoked and you would serve that time in

21 custody.

22        In addition to all of this, if the Court to find that

23 you are financially able, the Court at the time of sentencing

24 would have to assess the cost of incarceration and of

25 Supervised Release that may be imposed on you and that the

1  Court would have to impose those costs on you.  Do you

2  understand that?

3          **THE DEFENDANT:**  Yes, sir.

4          **THE COURT:**  Do you also understand that another

5  punishment here is that you would have to forfeit any interest

6  that you would have with regards to any of this money that was

7  the subject of this particular violation of the law?

8          **THE DEFENDANT:**  Yes, sir.

9          **THE COURT:**  Do you also understand that if the Court

10  finds that there were — that restitution needed to be made that

11  the Court would have to order that restitution be made on your

12  part if the Court found that you were financially able to do

13  so?

14          **THE DEFENDANT:**  Yes, sir.

15          **THE COURT:**  Do you need any further explanation as to

16  what the maximum possible punishment is in your case?

17          **THE DEFENDANT:**  No, sir.

18          **THE COURT:**  And you are an American citizen; is that

19  right?

20          **THE DEFENDANT:**  Yes, sir.

21          **THE COURT:**  The Court is going to find that he

22  understands the nature of the charges to which his plea is

23  offered and is certainly aware of what the maximum possible

24  punishment is in his case.

25          Have you and your attorney talked about the

24

1    sentencing guidelines and what, if any, effect it may have with

2    regards to your sentencing?

3              **THE DEFENDANT:**  Yes, sir.

4              **THE COURT:**  Do you understand that I will not be able

5    to determine what guideline sentence might apply in your case

6    until after a presentence report has been completed and you and

7    the Government have had an opportunity to object to that

8    report?  Do you understand that?

9              **THE DEFENDANT:**  Yes, sir.

10             **THE COURT:**  Do you also understand that even after

11   there has been a determination as to what the applicable

12   guideline sentence might be in your case that based on all the

13   factors that I have to consider under the law as to what the

14   appropriate sentence should be in your case that I can make a

15   decision that any sentence up to the maximum possible

16   punishment as I explained to you could be the appropriate

17   sentence regardless of what the guideline determination might

18   be?  Do you understand that?

19             **THE DEFENDANT:**  Yes, sir.

20             **THE COURT:**  Do you also understand that in the

21   Federal system, we do not have any parole and when a person is

22   sent to prison, they will have to serve the entire imprisonment

23   time in custody and when they get released, they get released

24   on whatever Supervised Release term the Court might have

25   imposed in their particular case?  Do you understand that?

1          **THE DEFENDANT:**  Yes, sir.

2          **THE COURT:**  The Court is going to find that Mr. Lopez

3   is aware of the sentencing guidelines and had a full discussion

4   with his attorney about them.

5          Mr. Lopez, has anybody threatened you or forced you

6   to plead guilty or told you that if you did not plead guilty,

7   further charges or some other action would be brought against

8   you?

9          **THE DEFENDANT:**  No, sir.

10          **THE COURT:**  Is there a plea agreement as the result

11   of discussions between the Government and the Defense in this

12   particular case?

13          **MR. LOPEZ:**  Yes, your Honor.  The Defendant agrees —

14   it reads, "In pertinent part, the Defendant agrees to plead

15          guilty to Count One of the Information pursuant to

16          Title 18, United States Code, Section 3663(a)(3).

17          The Defendant agrees and stipulates that at least

18          $2,514,414 represents the proceeds that the Defendant

19          obtained directly or indirectly as a result of his

20          participation in the charged violation and that the

21          factual basis for his guilty plea supports the

22          forfeiture of $2,514,414.

23          The Defendant agrees to forfeit any of the

24          Defendant's property and substitution up to a total

25          forfeiture of $2,514,414 and, further, the Defendant

1      agrees to the imposition of a personal money judgment

2      up to that amount and the Defendant agrees to make a

3      complete financial disclosure by truthfully executing

4      a sworn financial statement, a Form OBD-500 or

5      similar form within 14 days and by authorizing the

6      release of all financial information requested by the

7      United States.

8      Defendant agrees to authorize a release of all

9      financial information requested by the United States

10     and to take all steps necessary to pass clear title

11     to forfeitable assets to the United States and to

12     fully assist in the collection of restitution and

13     fines including but not limited to surrendering

14     title, executing warranty deeds, signing consent

15     decrees and signing any other documents to effectuate

16     the transfer of any asset.

17     In exchange, the Government will recommend that the

18     offense level decrease by two levels pursuant to

19     United States Sentencing Guideline, Section 3E1.1(a)

20     if the Defendant clearly demonstrates acceptance of

21     responsibility."

22     **THE COURT:**  Mr. Guerrero, is that the plea agreement

23 for your client?

24     **MR. GUERRERO:**  That is the plea agreement, yes,

25 Judge.

1    **THE COURT:**  Mr. Lopez, is that your plea agreement

2   with the Government?

3    **THE DEFENDANT:**  Yes, sir.

4    **THE COURT:**  Has anybody made any promise to you other

5   than this plea agreement that is making you plead guilty?

6    **THE DEFENDANT:**  No, sir.

7    **THE COURT:**  Has anybody made any prediction or tried

8   to tell you or promise you the exact sentence that the Court

9   will impose in your case?

10    **THE DEFENDANT:**  No, sir.

11    **THE COURT:**  And you do realize that I don't have to

12   follow the plea agreement, that even though it's filed in

13   writing by you and the Government together with the Court that

14   I don't have to follow any of it, that if, in fact, I find it

15   appropriate, I can sentence you up to the maximum possible

16   punishment as I explained to you and if I do not follow the

17   plea agreement in any way, you will not be able to take your

18   guilty plea back?  Do you understand that?

19    **THE DEFENDANT:**  Yes, sir.

20    **THE COURT:**  Mr. Lopez, knowing everything I have

21   explained to you this afternoon, do you still want to plead

22   guilty to this Criminal Information?

23    **THE DEFENDANT:**  Yes, sir.

24    **THE COURT:**  And you still want to give up your right

25   to an indictment by a Grand Jury?

1          **THE DEFENDANT:**  Yes, sir.

2          **THE COURT:**  The Court is going to find that the plea

3    that this Defendant is volunteering is not the result of any

4    force or threat or promise other than that recited in his plea

5    agreement.

6          I want you to listen very closely now, Mr. Lopez,

7    because I'm going to ask Mr. Lopez, the prosecutor, to state

8    the facts in your case as he and the Government claim they are.

9    The reason that I want you to listen closely is because when

10   he's finished, I'm going to ask you if what he said about you

11   was true or if there was any part of what he said about you

12   that was not true.

13         Go ahead, sir.

14         **MR. LOPEZ:**  At all relevant times, the city of

15   Weslaco was a political subdivision within the state of Texas.

16   Weslaco is governed by local — by a local government charter

17   pursuant to the charter of the city of Weslaco.

18         During the relevant time period, Individual A was a

19   resident of Hidalgo County, Texas.  Individual B was a

20   businessman who lived and worked in Weslaco, Texas.  Individual

21   C was an attorney based in Rio Grande City, Texas.

22         Commissioner A is an attorney and a former City of

23   Weslaco Commissioner who served as commissioner from at least

24   1995 through 2014.  Commissioner B is a current Weslaco City

25   Commissioner and has served as a commissioner since 2009.

1          Company A was an international engineering and

2    construction company that performed large-scale infrastructure

3    projects for public and private clients.  Person A was an

4    employee of Company A.

5          Company B was an engineering company based in

6    San Antonio, Texas.  Person B was the owner of Company B.

7          Company C was an engineering company based in

8    McAllen, Texas.  Person C was the owner of Company C.

9          Company D is a concrete company based in Corpus

10   Christi, Texas that is owned in part by Individual A.

11          Beginning in approximately 2008 and continuing

12   through on or about at least December 2016 in the Southern

13   District of Texas, the Defendant orchestrated and participated

14   in a bribery scheme to pay Weslaco City Commissioners in

15   exchange for their votes to benefit Companies A, B and C.

16          In exchange, the Defendant solicited and accepted

17   over 4 million in bribe payments from Companies A, B and C.

18   The Defendant attempted to conceal the bribery scheme by

19   creating a false contract with Company B that purported to

20   establish a consulting relationship.  After receiving the bribe

21   payments, the Defendant used different methods to provide bribe

22   payments to Commissioner A and Commissioner B.

23          To pay Commissioner A, the Defendant provided checks

24   totaling approximately $1,405,000 to Individual A, who then

25   laundered approximately $405,000 in check payments to

1  Commissioner A through Company D.  The bribe payments made by

2  Individual A to Commissioner A were disguised as payments for

3  legitimate business that Commissioner A never performed.  The

4  purpose of disguising the payments was to conceal and promote

5  the ongoing bribery scheme.

6      Another method that the Defendant used to pay

7  Commissioner A was through Individual C.  The Defendant

8  provided bribe payments to Individual C who used an IOLTA bank

9  account for Individual C's law practice to launder

10 approximately $90,000 in bribe payments and provide them to

11 Commissioner A.  To conceal these bribe payments, Individual C

12 attempted to establish a false attorney-client relationship

13 among the Defendant, Individual C and Commissioner A.

14      To compensate Individual C for laundering the funds,

15 the Defendant and Individual A agreed to and did help

16 Individual C's friend obtain employment.  The purpose of

17 disguising the payments was to conceal and promote the ongoing

18 bribery scheme.

19      To provide bribe payments to Commissioner B, the

20 Defendant enlisted Individual B to agree to secure Commissioner

21 B's participation and act as a conduit for bribe payments to

22 Commissioner B.  The Defendant paid Individual B approximately

23 $92,950 by checks and Individual B would cash the checks and

24 split the cash with Commissioner B.  The purpose of making the

25 payments in this way was to further conceal and promote the

1    ongoing bribery scheme.

2            Throughout the conspiracy, the Defendant would meet

3    with Person A, Person B and Person C to discuss the execution

4    of the scheme, including what votes Commissioner A and

5    Commissioner B needed to take to benefit Companies A, B and C.

6    After paying Individuals A, B and C, who in turn paid bribes to

7    Commissioners A and B during the relevant time period, the

8    Defendant retained at least $2,514,414 in funds for his own

9    personal benefit and use.

10           In exchange for the bribes, Commissioners A and B

11   voted in favor of infrastructure projects related to Weslaco's

12   water processing facilities and steered over $50 million in

13   contracts to Companies A, B and C.  Companies A and B then

14   granted sub-contracts to Company C.  During each of the one-

15   year periods beginning on or about 2008 and continuing at least

16   through 2016, Weslaco received benefits in excess of $10,000

17   under a Federal program involving a grant, contract, subsidy,

18   loan, guarantee, insurance or other form of Federal assistance.

19           **THE COURT:**  Mr. Lopez, you heard what the Government

20   is saying are the facts in your case.  Is what he said about

21   you true?

22           **THE DEFENDANT:**  Yes, sir.

23           **THE COURT:**  Is there any part that was not true?

24           **THE DEFENDANT:**  No, sir.

25           **THE COURT:**  So from on or about April 2008 to on or

1    about December 2016 within the jurisdiction of this Court, you

2    willfully, knowingly and corruptly gave, offered and agreed to

3    give something of value, that is, money to a public official or

4    officials intending the public officials — official and/or

5    officials to be influenced and rewarded in connection with a

6    business transaction and series of transactions of the city of

7    Weslaco, Texas valued at $5,000 or more, as described in the

8    facts that you have just submitted; is that right?

9              **THE DEFENDANT:**  Yes, sir.

10             **THE COURT:**  And those contracts were for construction

11   and rehabilitation of water treatment facilities in the city of

12   Weslaco, Texas and during that same one-year period, the city

13   of Weslaco, Texas, you agree, received benefits in excess of

14   $10,000 under Federal programs involving a grant, contract,

15   subsidy, loan, guarantee, and/or insurance and other form of

16   Federal assistance; is that correct?

17             **THE DEFENDANT:**  Yes, sir.

18             **THE COURT:**  And so you knew what you were doing was

19   illegal and no one forced you to do it?  You did it of your own

20   free will?

21             **THE DEFENDANT:**  Yes, sir.

22             **THE COURT:**  The Court is definitely satisfied that

23   there is a factual basis for your guilty plea.  Since you have

24   pled guilty as charged in your Criminal Information, since you

25   know of your right to a trial and what the maximum possible

33

1   punishment is and since you're voluntarily pleading guilty, I

2   will order that a Presentence Investigation Report in your case

3   be prepared.

4            The Court will order that it be prepared by April the

5   26th of the year 2019, obviously.  Objections have to be filed

6   by May 10th of the year 2019 and the final report has to be

7   ready for the Court after objections have been filed by either

8   side or both.  The final report has to be prepared for the

9   Court by May 24th of the year 2019.

10           Is your client going to insist on a 35-day waiting

11   period after that before he is sentenced?

12           **MR. GUERRERO:**  Yes, Judge.

13           **THE COURT:**  He is?

14           **MR. GUERRERO:**  Yes.

15           **THE COURT:**  Okay.  The Court will set his sentencing

16   for — does the Government have a view as to when the sentencing

17   should be?

18           **MR. LOPEZ:**  Your Honor, I anticipated it's going to

19   be a ways down the line, your Honor.

20           **THE COURT:**  So July — sometime in July would be fine

21   and then you can ask for a continuance if you need more time?

22           **MR. LOPEZ:**  That would be fine, your Honor.  That

23   would be fine.

24           **THE COURT:**  I'll set if for July 15th at 9:30 in the

25   morning in this courtroom.

34

1          Any motion for continuance has to be filed by July

2   12th or before then if there is a need for more continuance

3   than this period of time.  Obviously, this is more than we

4   would normally give but I certainly understand.  If you need

5   more time, that would not be a problem.

6          **MR. LOPEZ:**  Your Honor —

7          **THE COURT:**  I am going to ask him to proceed to go

8   downstairs to the Magistrate with regards to this issue of

9   continuing on bond.

10          **MR. LOPEZ:**  Your Honor, prior to that, your Honor, we

11   have an agreement — a motion for the imposition of a money

12   judgment.  And there's something that we may approach the Court

13   on as well.

14          **THE COURT:**  Sure.  You need to sign — you need that

15   motion now?

16          **MR. LOPEZ:**  We don't need it right now, your Honor —

17          **THE COURT:**  Okay.

18          **MR. LOPEZ:**  — but we'd like to get it on file.

19          **THE COURT:**  Okay.  You're just going to file the

20   motion?

21          **MR. LOPEZ:**  Yes, your Honor.

22          **THE COURT:**  And you're filing it under seal?

23          **MR. LOPEZ:**  Your Honor, now that the case is

24   unsealed, your Honor, it's fine if it's unsealed.

25          **THE COURT:**  The case can be unsealed?

35

1         **MR. LOPER:**  Yes, your Honor.  I —

2         **THE COURT:**  I was told that we needed to have this —

3         **MR. GUERRERO:**  As it's sealed —

4         **MR. LOPEZ:**  May we approach, your Honor —

5         **THE COURT:**  Sure.

6         **MR. LOPEZ:**  — to discuss that?

7         **THE COURT:**  Mr. Lopez needs to come up here?

8         **MR. LOPEZ:**  Yes, sir.

9      **(Sealed portion from 4:02 p.m. to 4:05 p.m. is omitted)**

10         **THE COURT:**  There's nothing else before the Court,

11 right?  You-all can be excused.  Thank you.

12         **MR. LOPEZ:**  Thank you, your Honor.

13      **(This proceeding ends at 4:05 p.m.)**

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.


_____                    <u>March 29, 2019</u>

             Signed                                         Dated



*TONI HUDSON, TRANSCRIBER*